UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BRETT DAVID SONIA,<br><br>               Petitioner,<br>   v.<br><br>WARDEN NEW HAMPSHIRE STATE PRISON, WARDEN HAYNES,<br><br>               Respondent. | Case No. 3:18-cv-05706-BHS-TLF<br><br>REPORT AND RECOMMENDATION<br><br>Noted for November 9, 2018 |

This matter comes before the Court on the filing of an application for *in forma pauperis* (IFP) status (Dkt. 1) and a petition for writ of habeas corpus under 28 U.S.C. § 2254 (Dkt. 1-1) by petitioner, who is proceeding *pro se*. For the reasons set forth below, the Court should deny the application for IFP status because petitioner appears to have sufficient funds to pay the filing fee. The Court also should dismiss the petition because it contains both civil rights and habeas corpus claims. However, the dismissal should be without prejudice and with leave to file an amended petition with payment of the filing fee.

BACKGROUND

Petitioner, who is currently an inmate at the Airway Heights Corrections Center, filed her habeas corpus petition on August 30, 2018. Dkt. 1-1. Petitioner asserts she was convicted in

1  the State of New Hampshire in 2005, of three counts of aggravated felonious assault and five

2  counts of possession of child pornography, and sentenced to three consecutive sentences of up to

3  20 years each. Dkt. 1-1, p. 1. By April 28, 2016, petitioner was incarcerated in the State of

4  Washington Department of Corrections ("DOC") as a "Boarder" from the State of New

5  Hampshire. *Id.* at p. 21.

6        In her petition, petitioner sets forth the following grounds for relief:

7        1.    The state court denied petitioner a psychiatric evaluation during trial.

8        2.    The State of New Hampshire violated petitioner her right to adequate medical care for her gender dysphoria by sending her out of state.

9

10       3.    The DOC is denying petitioner her right to adequate medical care for her gender dysphoria.

11       4.    The State of New Hampshire used the same evidence the State of California used to convict her, and California prosecutors conspired with

12             New Hampshire police to convict her consecutively with that evidence.

13 Dkt. 1-1, pp. 5-10. Petitioner seeks the following relief:

14       Release from custody, in the suspension and sentence correction to TIME SERVED in her New Hampshire Case. And or Immediate Parole so [she] may

15       obtain the relief she requires for Gender Dysphoria.

16 *Id.* at p. 15. Petitioner seeks (in the alternative) adequate medical care for gender dysphoria. *Id.*

17 at p. 26.

18 DISCUSSION

19 I.      Petitioner's *In Forma Pauperis* Application

20       If a litigant has the funds to pay court fees, and payment of such fees would not render

21 the litigant so impoverished that they cannot afford the necessities of life, then the litigant

22 should be required to "put [their] money where [their] mouth is". *Williams v. Latins,* 877 F.2d

23 65 (9th Cir. 1989); *Lee v. Matevousian*, 2018 WL 1518841, at *1 (E.D. Cal. Mar. 28, 2018)

24

25

REPORT AND RECOMMENDATION - 2

(citations omitted). A United States Magistrate Judge has authority to issue an order granting IFP status, but lacks authority to issue a dispositive order denying such status, unless the parties have consented to having the Magistrate Judge decide their civil case. 28 U.S.C. § 636(c); *Tripati v. Rison,* 847 F.2d 548, 549 (9th Cir. 1988); *Woods v. Dahlberg,* 894 F.2d 187, 188 (6th Cir. 1990) (observing that denial of IFP status is the equivalent of an involuntary dismissal).

A litigant is not entitled to submit an objection to the Magistrate Judge's report and recommendation that IFP status should be denied. *Minetti v. Port of Seattle,* 152 F.3d 1113, 1114 (9th Cir. 1998) (per curiam). A district court's denial of a motion for IFP status is an immediately appealable order. *Tripati v. First Nat. Bank & Trust,* 821 F.2d 1368, 1369 (9th Cir. 1987).

By requesting the Court to proceed IFP, petitioner is asking the government to incur the filing fee because she allegedly is unable to afford the costs necessary to proceed with her cause of action. The denial of an application to proceed IFP is within the discretion of the Court. *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. 1963).

Petitioner's six month prison trust account indicates she has average monthly receipts of $47.71 and an average spendable balance of $21.11. Dkt. 1, p. 3. Given that the filing fee for habeas corpus petitions is $5.00, petitioner appears to have sufficient funds in her account to pay that fee. Accordingly, petitioner's IFP application should be DENIED.

II.     The Petition Contains a Mix of Civil Rights and Habeas Corpus Claims

A habeas corpus petition may be summarily dismissed "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (quoting Rule 4, Rules

Governing Section 2254 Cases)). The petition "should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted." *Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971)).

Prisoners have "two main avenues" of relief under federal law for complaints relating to their imprisonment: a petition for writ of habeas corpus and a civil rights complaint under 42 U.S.C. § 1983. *Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016) (quoting *Muhammad v. Close*, 540 U.S. 749, 750 (2004)). A habeas corpus petition "is the exclusive vehicle for claims brought by state prisoners that fall within the core of habeas." *Id.* A Section 1983 action is "the exclusive vehicle for claims brought by state prisoners that are not within the core of habeas corpus." *Id.*

Habeas corpus is a cause of action designed to "secure release from illegal custody" and "is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement." *Preiser v. Rodriquez*, 411 U.S. 475, 484, 490 (1973). Section 1983 is "a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not the fact or length of his custody." *Id.* at 499.

Both the Supreme Court and the Ninth Circuit have recognized that "there are 'instances where the same constitutional rights might be redressed under either form of relief.'" *Thornton v. Brown*, 757 F.3d 834, 841 (9th Cir. 2013) (quoting *Wolff v. McDonnell*, 418 U.S. 539, 579 (1974)); *see also Preiser*, 411 U.S. at 498 (noting that while a § 1983 action is a proper remedy for challenging conditions of confinement, "[t]his is not to say that habeas corpus may not also be available to challenge" those conditions). The Ninth Circuit has made clear, however, that if a claim does not lie at "the core of habeas corpus" – i.e., it would not necessarily render invalid or

1  shorten a conviction or sentence – it may not be brought in a habeas petition, but instead must be
2  brought, if at all, in a § 1983 action. *Nettles*, 830 F.3d at 931.
3        Here, the petition contains two claims that fall within the core of habeas corpus: Claim 1
4  (the state court denied petitioner a psychiatric evaluation during trial), and Claim 4 (The State of
5  New Hampshire used the same evidence the State of California used to convict petitioner, and
6  California prosecutors conspired with New Hampshire police to convict her consecutively with
7  that evidence). Dkt. 1-1, pp. 5, 10. These claims are properly brought in a habeas corpus petition.
8        Two claims – Claim 2 (the State of New Hampshire violated petitioner's right to
9  adequate medical care for her gender dysphoria by sending her out of state), and Claim 3 (the
10 DOC is denying petitioner her right to adequate medical care for her gender dysphoria) – do not
11 necessarily invalidate or shorten petitioner's conviction or sentence. As noted above, petitioner is
12 seeking adequate treatment for her gender dysphoria, either through immediate release or within
13 the DOC. An order requiring the DOC to provide her with such treatment – if she were to prevail
14 on her claims – would give her the remedy she seeks without invalidating or shortening her
15 conviction or sentence.
16       The presence of Claim 2 and Claim 3 deprives this Court of jurisdiction to consider the
17 petition; this Court should dismiss the petition (Dkt. 1-1) on that basis with leave to amend.
18 *Fisher v. United States*, 2017 WL 840667, at *2 (E.D. Cal. Mar. 2, 2017) (dismissing petition for
19 lack of jurisdiction due to mix of habeas and civil rights claims, and denying leave to amend
20 because the petition also was second or successive); *Barger v. Director of OPS of CDCR*, 2014
21 WL 5697171, at *1 (E.D. Cal. Nov. 4, 2014) (noting that § 1983 and habeas corpus relief may
22 not be sought in the same action, and requiring petitioner to amend his petition to include only
23 those claims relating to the fact or duration of his confinement).
24
25

CONCLUSION

Based on the foregoing discussion, the undersigned recommends the Court DENY the IFP application (Dkt. 1), DISMISS the habeas corpus petition (Dkt. 1-1) without prejudice and allow the petitioner leave to file an amended petition as directed (paying the required filing fee). The undersigned also recommends that to continue with this case, petitioner be directed to pay the $5.00 filing fee and file an amended petition within **thirty (30) days** of the date of the Court's Order adopting this Report and Recommendation.

The IFP portion of this Report and Recommendation is not subject to the 14-day time period for objections. A litigant is not entitled to submit an objection to the Magistrate Judge's report and recommendation that IFP status should be denied. *Minetti v. Port of Seattle,* 152 F.3d 1113, 1114 (9th Cir. 1998) (per curiam). If the district court adopts the Report and Recommendation and denies IFP, the order denying IFP status is an immediately appealable order. *Tripati v. First Nat. Bank & Trust,* 821 F.2d 1368, 1369 (9th Cir. 1987).

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections to the dismissal portion of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Federal Rule of Civil Procedure (FRCP) 72(b); *see also* FRCP 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the above time limit, the Clerk shall set this matter for consideration on **November 9, 2018**, as noted in the caption.

Dated this 24th day of October, 2018.

Theresa L. Fricke
United States Magistrate Judge